# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 02-40477
Summary Calendar

————————

TERRY L. BUCKLEY,

Plaintiff-Appellee,

VERSUS

NABORS DRILLING USA, INC.,
AND
NABORS OFFSHORE CORPORATION,

Defendants-Appellants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

————————

m 02-40478
Summary Calendar

————————

PHILLIP COX,

Plaintiff-Appellee,

VERSUS

NABORS DRILLING USA, INC.,

Defendant-Appellant,

NABORS OFFSHORE CORPORATON,

Appellant.

Appeals from the United States District Court
for the Southern District of Texas
ⵯ G-01-CV-623

October 8, 2002

Before HIGGINBOTHAM, SMITH, and
   CLEMENT, Circuit Judges.

PER CURIAM:*

Nabors Drilling USA, Inc., and Nabors Off-shore Corporation (together referred to as "Nabors") appeal the denial of a motion to compel arbitration and to stay proceedings pending arbitration under §§ 3 and 4 of the Federal Arbitration Act ("FAA"). The district court denied the motion on the ground that the arbitration provisions in question are exempted by § 1 of the FAA as contracts of employment involving seamen. In the alternative, the court held that even assuming the FAA is applicable, Nabors failed to establish the existence of a valid arbitration agreement.

We pretermit comment on the district court's decision concerning the proper scope of § 1, because resolution of that complicated issue is unnecessary in this case. Even if the district court is right to say that the arbitration provisions are exempted, Nabors failed to raise or argue the district court's alternative holding as an issue in its opening brief and thus waived its arguments on that point.

Nabors mentions the issue only in its reply brief. Arguments raised for the first time in a reply brief are waived, and we will not address them. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995). Therefore, the judgment is AFFIRMED on the ground that Nabors failed to establish the existence of a binding agreement between the parties.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.